IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT ROBERTS                             *
                      Plaintiff,
          v.                               *   CIVIL ACTION NO. AW-06-1368

DAVID J. SEXTON                            *
SGT. WARREN
                      Defendants.          *
                                          ***

## MEMORANDUM

This 42 U.S.C. § 1983 civil rights complaint was received for filing on May 30, 2006. Plaintiff, who is currently detained at the Cecil County Detention Center awaiting criminal proceedings, seeks $3,500,000.00 in damages, alleging that on April 18, 2006, he was beaten by Elliot Jones and Darrell Martin, sustaining a broken arm, head trauma, and loose bottom teeth. Paper No. 1.  Plaintiff further states that the following day, after he was released from the hospital, he was taken to the local police station in North East, Maryland where officers beat him and knocked out his front tooth. *Id.*   He complains that Defendant Sexton failed to criminally charge Jones and Martin with assault.

Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis. Plaintiff, who is known to this court by the name of Robert Roberts, Robert D. Roberts, Robert Darnell Roberts, and Abdullah Rahiym Ibn Talal, is a well-known past frequent filer in this federal district.  A review of his prior filings shows that he has accumulated three "strikes" or dismissals of his prior prisoner civil actions pursuant to 28 U.S.C. § 1915(e).[1]  28 U.S.C. § 1915(g) provides that:

---

[1]    *See Roberts v. Graham*, Civil Action No. S-93-2903 (D. Md.) (dismissed October 19, 1993); *Roberts v. Dykes*, Civil Action No. N-94-1218 (D. Md.)  (dismissed May 18, 1994); *Roberts v. Beshears, et al.*, Civil

In no event shall a prisoner bring a civil action or appeal a judgment in ac civil action or proceeding under this section if the prisoner on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case Plaintiff does not, nor can he, allege that he is under imminent danger of serious injury under the facts of his Complaint.   *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *see also Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003);  *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2[d] Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3[d] Cir. 2001) (en banc).  Thus, he is not entitled to leave to proceed in forma pauperis.

A separate Order will be entered denying Plaintiff's Motion for Leave to Proceed In Forma Pauperis and dismissing the action without prejudice.   Plaintiff is advised that he may re-file this action upon payment of the $350.00 civil filing fee.   A separate Order shall follow.

Date:  June 15, 2006                          /s/
                                       Alexander Williams Jr.
                                       United States District Judge

---

Action No. AW-97-1529 (D. Md.) (dismissed May 14, 1997); *Talal v. Hindenlang*, Civil Action No. AW-98-4171 (D. Md.) (dismissed January 15, 1999); and *Talal v. Sondervan, et al.,* Civil Acton No. AW-99-2087 (D. Md.) (dismissed on August 2, 1999).  This court will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate.  *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issued a § 1915(g)dismissal).

2